UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRANCINE COLLING,

                          Plaintiff,

    v.                                                       **DECISION AND ORDER**
                                                                        04-CV-763S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

       1.       Plaintiff Francine Colling challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she became disabled on June 25, 1996, due to a back injury and back pain. Plaintiff contends that her back condition and pain render her unable to work. She therefore asserts that she is entitled to payment of benefits under the Act.

       2.       Plaintiff filed an application for disability insurance benefits on June 22, 1998. Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ, which was held on September 30, 1999. The ALJ considered Plaintiff's case *de novo*, and on October 7, 1999, issued a decision denying Plaintiff's application for benefits. Plaintiff appealed to the Appeals Council, which remanded her case for a new hearing and decision on January 15, 2003.

       3.       Plaintiff and her attorney appeared for the new hearing before a different ALJ on October 14, 2003. The ALJ again considered Plaintiff's application *de novo*. On November 14, 2003, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. The ALJ therefore denied Plaintiff's application for benefits. On July 2, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the

current civil action on September 21, 2004, challenging Defendant's final decision.[1]

   4. On July 5, 2005, the parties filed Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendant filed a response in opposition to Plaintiff's motion on July 26, 2005. This Court took Defendant's motion under advisement on August 10, 2005, after determining that oral argument was unnecessary.

   5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

   6. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

---

[1] The ALJ's November 14, 2003 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

  7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

  8. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

9. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability (R. at 35);[2] (2) Plaintiff's back condition and pain qualified as a "severe" impairment within the meaning of the Act (R. at 35); (3) Plaintiff's impairment did not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 36); (4) Plaintiff retained the residual functional capacity for sedentary work with lifting and carrying of no more than 15 pounds, no repetitive lifting, bending or twisting, and no prolonged sitting or standing (R. at 36); and (5) Plaintiff is unable to perform any of her past relevant work, but retains the residual functional capacity to perform a significant range of sedentary work, including lock assembler, toy stuffer, and folder. (R. at 36.)

11. Plaintiff contends that the ALJ's decision is erroneous and must be reversed. Plaintiff first argues that the ALJ's adverse credibility determination is not supported by

---

[2] Citations to the underlying administrative record are designated as "R."

substantial evidence in the record. Credibility determinations are generally reserved to the Commissioner, not the reviewing court. <u>Aponte v. Sec'y of Health and Human Svcs.</u>, 728 F.2d 588, 591 (2d Cir. 1984)(holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); <u>Carrol v. Sec'y of Health and Human Svcs.</u>, 705 F.2d 638, 642 (2d Cir. 1982)(similar). Having reviewed the record in full, this Court finds that the ALJ's credibility determination is not erroneous.

  12. Plaintiff first argues that the ALJ's credibility determination must be reversed because she improperly relied on conclusions contained in a June 24, 2001 Functional Capacity Evaluation ("FCE"). (R. at 28; 246-266.) In that report, the examiners noted that their findings relative to Plaintiff's functional capacity may be invalid due to Plaintiff's very poor effort, as demonstrated by her low scores on the several validity tests built into the examination. (R. at 28, 247.) Plaintiff argues that the ALJ erred by relying on these findings because the validity portion of the examination is not scientifically reliable.

  In this Court's view, the ALJ was well within her discretion in accepting the findings of the FCE. Plaintiff has failed to demonstrate that the FCE is inherently unreliable or scientifically inaccurate such that the ALJ committed legal error by considering its findings. Moreover, Plaintiff's hearing counsel did not object to the introduction of the FCE at the hearing before the ALJ. (R. at 507.) Thus, the FCE is record evidence upon which the ALJ is entitled to rely. Further, although the ALJ characterized the findings of the FCE as "most telling," it is not the sole basis upon which the ALJ based her credibility determination. (R. at 32.) Accordingly, this Court detects no error in the ALJ's consideration of the FCE.

  13. Plaintiff further argues that the ALJ failed to consider all of the credibility factors listed in 20 C.F.R. § 404.1529. Those factors include daily activities, duration and

frequency of pain, precipitating and aggravating factors, medications, treatment, coping measures, etc. See 20 C.F.R. § 404.1529. While Plaintiff is correct in noting that the specific section of the ALJ's decision discussing credibility does not recite these factors verbatim, it is clear from a reading of the 22-page decision as a whole that the ALJ considered and discussed all of the relevant factors. Thus, lack of compliance with 20 C.F.R. § 404.1529 serves as no basis for reversal in this case.

14. Plaintiff next argues that substantial evidence does not support the ALJ's finding that Plaintiff's pain was controlled by medication. There is, however, medical evidence in the record that supports this assertion. For example, Plaintiff's pain specialist, Dr. Waghmarae, reported that Lidoderm patches and Ultract were effective in reducing Plaintiff's pain, although not eliminating it altogether. (R. at 30, 271-280.) Subsequent reports from Dr. Waghmarae indicated that Plaintiff was stable on her medications and headaches she was experiencing from the pain were eased with Fiorinal. (R. at 31, 271-280.) In any event, the ALJ's statement regarding the effect of Plaintiff's medication appears to be more of a comment on the state of the record, rather than a significant finding. Consequently, this Court finds no reversible error on this point.

15. Plaintiff also argues that the ALJ improperly concluded that Plaintiff did not pursue medical treatment. This again falls within the context of the ALJ's credibility determination. Indeed, the ALJ expressed her opinion that Plaintiff's subjective complaints were out of proportion to and inconsistent with the nature and level of her medical treatment over the previous seven years. (R. at 32, 33.) This was based on the ALJ's assessment of Plaintiff's testimony that she was virtually couch or bed-ridden as being inconsistent with the record evidence that Plaintiff found chiropractic treatment, physical

6

therapy and medication to be suitable treatment for her impairments. (R. at 32-33.) It is noted throughout the record that Plaintiff refused to consider surgical or other interventional treatment until just after her social security hearing, despite the recommendations of some of her doctors. While Plaintiff is certainly free to choose her own course of treatment, this Court finds no error in the ALJ's consideration of this perceived discrepancy for purposes of evaluating Plaintiff's credibility.

16.    Finally, Plaintiff argues that the ALJ's adverse credibility determination was improper because the ALJ failed to consider Dr. Simmons's opinion that objective medical evidence supported Plaintiff's subjective complaints. (R. at 230.) In particular, Dr. Simmons noted that Plaintiff's disc herniations correlated with her ongoing symptoms. (R. at 230.) Given the other factors upon which the ALJ based her adverse credibility finding, this Court does not find reversible error in the ALJ's failure to discuss this notation in the record. Even properly considered, this isolated statement does not serve as cause to disrupt the ALJ's otherwise supported credibility determination.

17.    In sum, this Court finds no error in the ALJ's credibility determination. The ALJ's conclusion that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. Aside from the fact that the ALJ presided over the hearing and was in the best position to observe Plaintiff's demeanor, the ALJ made specific reference to the contradictions and discrepancies in the medical records and testimony. Consequently, this Court finds no cause to disturb the ALJ's credibility finding. See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)("The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.").

18.    Plaintiff also argues that the ALJ failed to properly weigh the conflicting medical evidence in the record.  In particular, Plaintiff argues that the ALJ improperly disregarded Dr. Cisek's opinion that Plaintiff could not work a full eight hour day at any job as not completely explained. (R. at 32, 320.)  The ALJ presumably discounted Dr. Cisek's assessment because it was a conclusory statement regarding whether Plaintiff was disabled, a determination that is left to the Commissioner.  See Snell v. Apfel, 107 F.3d 128, 133 (2d Cir. 1999); 20 C.F.R. § 404.1527(e).

In any event, this Court finds that the ALJ's ultimate conclusion regarding Plaintiff's residual functional capacity and her ability to perform work in the national economy is supported by substantial evidence in the record.  The ALJ found that despite her back impairment, Plaintiff could perform sedentary work involving lifting and carrying no more than fifteen pounds, with no repetitive lifting, bending, or twisting, and no prolonged sitting or standing. (R. at 36.)  This assessment is supported by the opinions of Dr. Hepner, Dr. Fuksa, Dr. White and Dr. Speciale.  (R. at 33, 291, 354, 360, 363, 364, 367, 373.)  The ALJ's decision also reflects that she considered, but found unpersuasive, the competing medical information in the record from Dr. Maron, Dr. Simmons, and Dr. Blake (chiropractor).  Thus the ALJ appropriately considered all the evidence of record in reaching her determination that Plaintiff was not disabled within the meaning of the Act.

19.    After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case.  Specifically, the medical evidence and opinions contained in the record, in conjunction with Plaintiff's testimony, support the ALJ's determination.  This Court finds no reversible error in the ALJ's overall credibility determination or her weighing of the evidence, and it further finds that substantial

evidence of the record supports her decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted. Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   March 28, 2006
         Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge